## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND LEE HUFFMAN, JR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.: |
| | § | |
| NEW CASTLE COUNTY, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

### COMPLAINT

1.  This action is brought pursuant to Title I of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et. seq. (the "ADA"), Section 102 of the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 12117(a).

3.  The events giving rise to this action occurred in Delaware and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.  Mr. Huffman filed timely charges of disability discrimination and retaliation against the Defendant with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"), which are incorporated by reference. [Exhibit A]. The EEOC issued a Right-to-Sue letter, which is attached as Exhibit B. This suit is timely, and all conditions precedent to the institution of this action have been fulfilled.

### THE PARTIES

5.  Plaintiff Raymond Lee Huffman, Jr. ("Mr. Huffman" or "Plaintiff") is a resident and

citizen of the State of Delaware.

6. Defendant New Castle County is a county government located within the State of Delaware. The Department of Special Services is an agency of New Castle County.

## THE FACTS

7. At all times relevant hereto, Mr. Huffman was a qualified individual with a disability, within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8); 29 C.F.R. 1630.2; or was regarded as having a disability.

8. Mr. Huffman began his employment with Defendant on October 9, 1979 as an automotive mechanic. Mr. Huffman was discriminated against by the Defendant because of his disability, was regarded as having a mental impairment and was subjected to a hostile and oppressive environment. As a result of Defendant's illegal actions during his employment, Mr. Huffman filed an action in this court, captioned Raymond Lee Huffman, Jr. v. New Castle County, C.A. No. 03-1136 GMS on December 12, 2003. That action is pending.

9. Mr. Huffman's disability related to his left arm, and in 2002, Mr. Huffman began having increasing right shoulder pain. He was, and is, able to perform the essential functions of his job notwithstanding his left arm and right shoulder problems.

10. Mr. Huffman continued to experience right shoulder pain and sought medical treatment for his shoulder pain.

11. On April 29, 2003, Mr. Huffman underwent arthroscopic surgery of his right shoulder at the Philadelphia Veteran's Administration Hospital.

12. His physician, after a period of healing from the surgery, returned Mr. Huffman to his job as an auto mechanic. On June 6, 2003 Mr, Huffman was released to return to work without restriction. His physician released him to return to work with the knowledge of the

essential functions of the job.

13.  Before the County would permit Mr. Huffman  to return to work,  it required him to be seen by its own physician, Dr. Vanetta Kubal. On June 9, 2003, at the request of the Defendant, Mr. Huffman was examined by Dr. Kubal, for a return to work evaluation.  Based on the evaluation, Dr. Kubal returned Mr. Huffman to his position without any restrictions.

14.  After his return, he was able to perform the essential function of the job, and continued to do so.

15.  On September 15, 2003, Mr. Huffman was issued a Right to Sue on his first complaint and the Defendant received that at or about that time..

16.  In breach of the ADA and in retaliation for Mr. Huffman's first complaint and filings with the DDOL and EEOC,  Mr. Huffman was ordered for another fitness for duty evaluation with Dr. Kubal for October 28, 2003.

17.  Defendant had no basis for questioning whether Mr. Huffman could perform the essential functions of the job and refused to advise him why he was being subjected to another fitness for duty examination.

18.  Mr. Huffman objected to being examined but underwent an examination on October 28, 2003.  During the examination, Mr. Huffman advised Dr. Kubal that he did not have any difficulty performing his job or performing the essential functions of his job.

19.  Without any evaluation of the essential functions of the job and without any specific finding that Mr. Huffman could not perform the essential functions of the job, Dr. Kubal declared that  Mr. Huffman was medically unfit to continue the job of automotive mechanic.

20.  In breach of the ADA and in retaliation for his complaints of discrimination, Defendant did not engage in any interactive process and did not evaluate whether he could

perform the essential functions of his job with or without reasonable accommodation.

21.  The Defendant did not identify any essential job function that he could not perform; the report by Dr. Kubal identifies an anonymous report that Mr. Huffman "was found to have difficulty with lifting a can of gasoline".  Lifting a can of gasoline was not an essential function of the job and there was no effort to determine whether Mr. Huffman could lift a can which was only five gallons.  There were no weight limitations imposed by any doctor on Mr. Huffman and he was regarded as being disabled and was denied any opportunity to discuss or have an accommodation for any perceived disability.

22.  On December 11, 2003, Defendants met with Mr. Huffman and gave him an ultimatum: accept a demotion with reassignment or apply for disability pension.  Defendant failed to engage in the required interaction under the ADA and failed to accommodate or discuss any accommodation which would have enabled him to perform the essential functions of his job.

23.  As a result of Defendant's wrongful and illegal conduct,  Mr. Huffman was required to accept a demotion in order to continue his employment with the Defendant.  Defendant failed and refused to investigate any accommodation for him prior to demanding he accept a demotion in violation of the ADA and 29 C.F.R. 1630.2(O).

24.  Mr. Huffman was demoted to Data Technician on January 5, 2004, and his pay grade fell three levels.

25.  Mr. Huffman received his Right to Sue on this second charge and files this Complaint for the retaliation and disability discrimination in removing him from his job as an auto mechanic and in demoting him to a lesser position without reasonable accommodation.

26.  Defendant's  unlawful practices and actions have proximately caused Mr. Huffman damages, including but not limited to lost promotional opportunities, lost wages and benefits,

future wages and benefits, emotional distress, upsetment, humiliation, loss of self-esteem, depression, expenses, costs and attorneys' fees.

     **WHEREFORE**, Mr. Huffman prays that judgment be entered in his favor against the Defendant and that an Order be entered granting him the following relief:

a.     A declaration and finding by the Court that Defendant has violated Mr. Huffman's rights, including those secured by the ADA;

b.     That he have judgment against the Defendant for benefits, wages, past and future, together with pre and post judgment interest as allowed by law;

c.     That Defendant be preliminarily and permanently enjoined from any further prohibited discrimination against him;

d.     That he be awarded compensatory and punitive damages in an amount to be determined at trial in this matter;

e.     That he be awarded reasonable attorney's fees including expenses and costs;

f.     Grant such other and further relief, legal and equitable, as may be just and proper under the circumstances.

            Respectfully submitted,

            **RICHARD R. WIER, JR., P.A.**

             /s/ Richard R. Wier, Jr.
            Richard R. Wier, Jr. (#716)
            Daniel W. Scialpi (#4146)
            1220 Market St., Suite 600
            Wilmington, Delaware 19801
            (302)888-3222

Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
| --- |
| ☐ FEPA |
| ☐ EEOC |

**Delaware Department of Labor** and EEOC

*(State, or local Agency, if any)*

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
| --- | --- |
| Raymond Lee Huffman, Jr. | (302) 328-5665 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 15 Wedgefield Drive | New Castle DE 19720  NCC | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS 2000+ | TELEPHONE NUMBER (Incl. Area Code) |
| --- | --- | --- |
| New Castle County Government/Dept. of Special Services | | (302) 395-5180 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| 87 Reads Way, New Castle, DE 19720 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
| --- | --- |
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| | |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE

☒ RETALIATION  ☒ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE |
| --- |
| EARLIEST  10/9/2003 |
| LATEST  1/2/2004 |
| ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am a qualified individual with a disability who can perform the essential functions of my position with Respondent with or without an accommodation. I began working with Respondent on 10/9/79 as a Automotive Mechanic and most recently as a Data Technician. Respondent has granted my request for accommodations for my documented disability but has since not accommodated me for my recent on-the-job injury on 7/29/02. I provided medical documentation to Respondent's physician regarding my ability to return to work on 6/9/03 and began working full capacity on that day. After returning to work, Mr. Wayne Phillips and Lynn Marose were instrumental in instituting my demotion after I experienced my on the job injury and filed appropriate documentation. My demotion went into affect on 1/5/04, reducing my salary 3 paygrades as a Data Technician.

Respondent has demoted me three paygrades as a result of my on-the-job injury and previous legal action taken on 12/12/03.

I believe that I have been discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1991, as amended and the Delaware Handicapped Persons in Employment Act based on my disability because: 1. Respondent has perceived that I cannot perform the essential functions of the Auto Mechanic position because of my job related injury; 2. Respondent has continuously requested addition evaluations regarding my job related injury, after I submitted documentation regarding my ability to return to full duty status; 3. Respondent gave me an ultimatum to accept a demotion or be constructively discharged; 4. Respondent has denied me return to my Auto Mechanic position because of a real or perceived disability and possibilities of future injuries.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | NOTARY - (When necessary to meet State and Local Requirements) |
| Date          Charging Party (Signature) | Subscribed and sworn to before me this date          (Day, month, and year) |

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

Exhibit B



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
3510 1715

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

January 7, 2005

Mr. Raymond L. Huffman, Jr.
c/o Richard R. Wier, Jr., Esquire
Law Office of Richard R. Wier, Jr.
Attorney at Law
1220 Market St., Ste. 600
Wilmington, DE  19801

Re:  EEOC Charge Against New Castle County, Department of Special Services
     No. 17C200400258

Dear Mr. Huffman, Jr.:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:

    Title I of the Americans with Disabilities Act of 1990,
    42 U.S.C. 12111, et seq., and,
    Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    R. Alexander Acosta
                    Assistant Attorney General
                    Civil Rights Division

          by        *Karen J. Ferguson*

                    Karen L. Ferguson
                    Civil Rights Analyst
                    Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     New Castle County, Department of Special Services